**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-1433

BRIDGET BECKFORD,

Plaintiff - Appellant,

v.

ELEVANCE HEALTH, INC., f/k/a Anthem, Inc.,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. M. Hannah Lauck, Chief District Judge. (3:23-cv-00828-MHL)

Argued: January 29, 2026                              Decided: March 3, 2026

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Christopher Edwin Brown, THE BROWN FIRM PLLC, Alexandria, Virginia, for Appellant. Ashley Zeiler Hager, TROUTMAN PEPPER LOCKE LLP, Atlanta, Georgia, for Appellee. **ON BRIEF:** Andrew J. Henson, TROUTMAN PEPPER LOCKE LLP, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On March 12, 2021, Elevance Health, Inc., terminated the employment of Bridget Beckford as a group underwriter on the Virgina Key Accounts Team in Richmond, Virginia, pursuant to a reduction in force ("RIF") initiated in 2020 for cost-cutting reasons. In implementing the RIF in her underwriting department, Maria Gregory, then the manager of the department, eliminated three positions in the department and left unfilled the position of an outgoing retiree. One of the employees whose employment was terminated through this RIF was Bridget Beckford, an African-American.

Beckford commenced this action against Elevance Health, alleging, as relevant here, that she was selected for termination because of her race, in violation of Title VII, 42 U.S.C. § 1981, and the Virginia Human Rights Act. In a thorough 40-page opinion dated March 28, 2025, the district court granted summary judgment to Elevance Health.

On appeal, Beckford contends, among other things, that in connection with her race-related claims, the "District Court's assessment that [she] failed to make a *prima facie* case [was] based on its decision to ignore the actual 'burden shifting' model and review the evidence in the light most favorable to the *moving* party." More particularly, Beckford argues that the "District Court obfuscate[d] the final element of the *prima facie* case." As she explained, the court "effectively shift[ed] the basis for dismissal to the alleged non-discriminatory reasons proffered by [Elevance Health], but refus[ed] to engage in a review of whether those reasons were pretextual — when neither of those steps should occur until the *prima facie* case is established." We agree with Beckford.

2

To establish a *prima facie* case for discrimination in the context of a RIF, we have held that the plaintiff must "establish (1) that she was in a protected class, (2) she was selected for demotion, (3) she was performing her job at a level that met the employer's expectations, and (4) that her employer did not treat the protected status neutrally, or there were other circumstances giving rise to an inference of discrimination." *Dugan v. Albemarle Cnty. Sch. Bd.*, 293 F.3d 716, 720–21 (4th Cir. 2002) (citations omitted). Only after the plaintiff establishes the prima facie case must the employer then present a "legitimate, non-discriminatory reason for the employment action." *Id*. at 721. "If the [employer] meets its burden of production, the presumption raised by the prima facie case is rebutted and 'drops from the case.'" *Id*. (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 n.10 (1981). At that point, the plaintiff carries the ultimate burden of proving intentional discrimination, and this may be done by showing that the employer's legitimate, non-discriminatory reason was a pretext. *Id*.

In this case, the parties, as well as the district court, agreed that Beckford readily satisfied the first three criteria for establishing a prima facie case, leaving for resolution whether she established the fourth factor that "her employer did not treat the protected status neutrally, or there were other circumstances giving rise to an inference of discrimination."

In assessing the fourth factor, the district court relied substantially, if not mostly, on Elevance Health's proffer of legitimate, non-discriminatory reasons for its decision to terminate Beckford to conclude that Beckford failed in showing the fourth factor for establishing a prima facie case. The district court, while addressing the fourth factor, stated

3

that "Ms. Gregory identified multiple reasons for selecting Ms. Beckford over Ms. Ayers for the RIF."  It then itemized the several independent reasons given by Elevance Health for why it did not select Beckford.  While the district court inappropriately considered the employer's legitimate, non-discriminatory reasons for its decision when addressing Beckford's prima facie case, it also inappropriately did not allow Beckford to respond to those reasons by showing that they were a pretext.  As the court said, "Instead, [Beckford] prematurely jumps to her argument that Ms. Gregory's reasons for selecting her for termination were pretextual."  After so collapsing the analysis, the court then concluded, "As a result, [Beckford] does not show a prima facie case of race discrimination.  Having concluded that Ms. Beckford cannot make this prima facie showing, the court must dismiss her race discrimination claims."

The district court similarly collapsed the elements of Beckford's retaliation claim in concluding that "Beckford has failed to show a prima facie case of retaliation" — *i.e.*, failed to show the third element that evidence show "a causal connection between her race-related complaints and her termination."

In short, when conducting its analysis of whether Beckford showed a prima facie case in her race-related claims, the district court imported the employer's proffer of legitimate, non-discriminatory reasons for its decision into the preliminary analysis on whether the plaintiff proved a prima facie case, which was error.  But then it also, unfairly, denied the plaintiff the right to show that the proffered reasons were a pretext.

4

In view of this analysis, we vacate the district court's order March 28, 2025, insofar as it resolved Beckford's race discrimination and retaliation claims, and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED